```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM MCDEVITT,                 :    CIVIL ACTION
                                  :    NO. 14-4125
     Plaintiff,                   :
                                  :
          v.                      :
                                  :
VERIZON SERVICES CORPORATION,     :
                                  :
     Defendant.                   :
```

## O R D E R

**AND NOW**, this **17th** day of **March, 2016**, upon consideration of the Report and Recommendation of Discovery Master Sidney L. Gold (ECF No. 56) and Defendant's Objections to the Report and Recommendation (ECF No. 60), it is hereby **ORDERED** as follows:

1. The Report and Recommendation of Discovery Master Sidney L. Gold is **ADOPTED**.

2. Defendant's Objections to the Report and Recommendation are **OVERRULED**,[1] except that the Court will defer consideration of Defendant's contention that Plaintiff's counsel contacted a manager currently employed by Defendant without first obtaining the consent of Defendant's counsel--conduct which may be

---

[1] The Court is in receipt of the letter from Defendant's counsel dated March 15, 2016, concerning why its Objections to the Report and Recommendation were filed after the March 14, 2016 deadline. Given that the Court denied the Objections on the merits, it need not determine whether they were timely filed. However, the Court cautions that a party with an obligation to perform some duty by a certain time must accept responsibility and any resulting consequences if it waits until the last moment and then is confronted with a technical glitch.

a violation of Pennsylvania Rule of Professional Conduct 4.2--until the conclusion of this action, at which point the Court will hold a hearing to determine whether the matter should be referred to the Disciplinary Board of the Supreme Court of Pennsylvania.[2]

    3.    The following motions are **DENIED** as moot in light of the Court's adoption of the Discovery Master's recommendations:

    a.    Plaintiff's Motion to Compel a 30(b)(6) Deposition and Outstanding Documentation that Was Previously the Subject of a Court Ruling (ECF No. 38);

    b.    Letter Requesting Leave to Address One Additional Discovery Dispute, which the Court will construe as a motion for leave to file a reply brief, attaching Plaintiff's Reply Brief in Support of His Second Motion to Compel and Plaintiff's Notice Regarding a New Dispute Arising from Defendant's Recent Refusal to Respond to Three (3) Supplemental Written Discovery Requests for Relevant Information (ECF No. 43);

    c.    Defendant's Motion for Leave to File a Sur-reply Brief and to Address Points Raised in Plaintiff's Reply Brief in Support of His Second Motion to

---

[2] The Court has an independent obligation to report any violations of the Rules of Professional Conduct once it learns of them. See generally Pa. R. Prof'l Conduct 8.3.

          Compel (ECF No. 44);

    d.    Defendant's Motion to Compel Discovery and to Refer Certain Discovery Disputes to the Court-Appointed Discovery Master (ECF No. 48); and

    e.    Plaintiff's Motion for Sanctions (ECF Nos. 49-51).

4.    The Clerk of Court is directed to **REMOVE** this case from the suspense docket and **RESTORE** it to the active docket.

5.    The parties shall **IMPLEMENT** all directives in the Report and Recommendation relating to the production of documents on or before **April 1, 2016.**

6.    The parties shall **CONFER** and **SUBMIT** an updated Rule 26(f) report on or before **April 15, 2016,** outlining any depositions and other discovery that remain to be taken in the case, consistent with the directives in the Report and Recommendation.

7.    All other deadlines are **SUSPENDED** until further order of the Court.

    **AND IT IS SO ORDERED.**

                                  **/s/ Eduardo C. Robreno**
                                  **EDUARDO C. ROBRENO,    J.**